■ In the Matter of NICHOLAS LA PENTA, JR., Doing Business as TUNIC'S HOTEL, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously annulled, without costs. Memorandum: Petitioner's hotel liquor license for premises on Burnet Avenue, Syracuse, has been cancelled by respondent upon a finding that in January, 1965 he was in possession of gambling paraphernalia at premises owned by him on Forest Hills Drive in Syracuse. In December, 1964 the police obtained a court order authorizing the interception of telephone communications at unrelated premises. From information so obtained search warrants were obtained for various premises including petitioner's on Forest Hills Drive. It is not disputed that the ensuing search disclosed a substantial quantity of gambling material in petitioner's possession. In subsequent criminal proceedings, however, an order was made by Onondaga County Court suppressing the evidence so obtained upon the ground that the original interception order was invalid as were also the ensuing search warrants based upon information obtained from the illegal intercept. Upon the administrative hearing this tainted proof was received over petitioner's objections. Absent such proof the determination may not be confirmed. It has been held that in a proceeding penal in nature although civil in form evidence that is the product of an unlawful search should not be received in evidence. (*Incorporated Vil. of Laurel Hollow* v. *Laverne Originals*, 17 N Y 2d 900.) Precisely in point is *Matter of Leogrande* v. *State Liq. Auth.* (25 A D 2d 225) where it was written (p. 232) that "The exclusionary rule is addressed to the obnoxiousness of illegal conduct by public officials and the visiting by officials of serious official consequences upon the victims of such illegal conduct. In this case the illegal activity of the police officers was equally obnoxious and has official consequences more grave in economic terms than those of the criminal sanctions for gambling." On appeal (19 N Y 2d 418) this issue was not passed upon. The reversal was based on petitioner's failure to object to the receipt of the tainted evidence at the administrative hearing. We conclude that here petitioner's objections should have been sustained and the proof excluded. (Review of determination canceling liquor license, transferred by order of

Onondaga Special Term.)   Present—Bastow, P. J., Williams, Goldman, Del Vecchio and Henry, JJ.